(No. 4731- )

RICHARD GREEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 21, 1957.*

BUTZ, BLANKE AND STITH, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

Claim was made by Richard Green against respondent for the sum of $1,342.47. Claimant is a farmer residing in the Town of Otto, County of Kankakee, and owns a parcel of land situated in the Southwest Quarter of Section 19, Township 30 North, Range 13, West of the Second Principal Meridian, partially bounded by Routes Nos. 45 and 54.

The complaint alleges that, in the spring of 1954, claimant planted approximately two-thirds of one acre in Rosa Multiflora Japonica, commonly called Multiflora roses, on the parcel of land above mentioned, and near the highway right-of-way, for the purpose of harvesting the roots thereof for sale in the fall of 1955. There were forty rows of seed, each row being 600 feet in length. In the month of June, 1955, there were approximately 75,000

Multiflora rose plants growing on said parcel of land, above described.

In the last week of June, 1955, respondent's agents, while cutting grass and weeds along and upon the highway right-of-way adjacent to claimant's land, trespassed upon the land of claimant with mowing machines, and mowed the entire parcel upon which the Multiflora roses were growing. The entry into the field of claimant and the mowing thereof were done without the knowledge or consent of claimant.

As a consequence thereof, the rose plants were destroyed entirely, and all were retarded in growth, so as to render the entire crop insufficient and inadequate to fulfill the deliveries, which claimant had contracted to make therefrom.

Claimant sets forth in particular the various numbers of roots with their respective prices, totalling $1,484.97. In mitigation of damages he stated he did actually harvest and sell from said parcel plants valued at $142.50, making a net sum due of $1,342.47.

A Departmental Report was filed by respondent, as was a statement, brief and argument by claimant. An oral motion was made by respondent to waive the filing of a brief in this case, which motion was granted by the Court.

This case was heard by Commissioner Presbrey, and his report has been filed herein.

In the Departmental Report it appears that U.S. marked Routes Nos. 45 and 54 were a part of the statutory system of state highways, and the maintenance thereof included the mowing of vegetation within the limits of the established right-of-way. The right-of-way at the place in question lies adjacent to claimant's property, and the right-of-way line is marked by concrete

posts set at long intervals bordering claimant's property, there being no fence or other structure to mark the line.

On June 30, 1955, the right-of-way adjacent to claimant's property was covered by a dense growth of rye grass, and claimant's property was overgrown with weeds. This dense growth of vegetation obscured any intervening right-of-way marker, and also any planting below the top of the grass and weeds.

Employees of respondent were assigned to mow the particular right-of-way in the area under consideration, and tandem mowers were used. Inadvertently the mowing operations encroached upon claimant's property in the area in question, which was about two-thirds of one acre in size.

The testimony consisted of that of claimant, together with four related exhibits. There is little dispute as to the pertinent facts, all of which are set forth in claimant's testimony and the Departmental Report.

Respondent's case consisted of the testimony of Roy Hemp and Edward Willems. Mr. Hemp testified to the effect that he mowed the aforesaid roses inadvertently in the month of June, 1955, and the roses in question were not infringing upon the state right-of-way. Mr. Willems, a certified nurseryman, who was the District Landscape Architect, testified as to the number of roses lost, and the price per thousand.

The testimony of claimant corresponds to the allegations made in the complaint as to the number of plants lost, and the price that would have been received therefor had they been sold by claimant.

The Commissioner also found that it was necessary for claimant to purchase plants in order to satisfy and retain his customers. Claimant purchased approximately

70,000 plants from one nursery, and one-tenth of an acre of plants from a neighbor, as is represented by exhibits Nos. 3 and 3-A. There was a duty upon respondent's agents to only mow along the right-of-way. By inadvertently mowing the row bushes, as well as the weeds, the state became liable for all damages suffered by claimant.

It is, therefore, the opinion of this Court that claimant should be allowed an award in the amount of $1,342.47.